BAXTER, J., Concurring.
I concur in the judgment and in the reasoning of the majority insofar as the majority hold that in dismissing the action pursuant to the authority of Penal Code section 1385 the trial court did not rule that the evidence at trial was insufficient as a matter of law to support a conviction. I do not join in the unnecessary dictum expressing the view that a trial court ruling on the legal insufficiency of the evidence is necessarily equivalent to an appellate ruling to that effect, must therefore be deemed an acquittal, and, even if erroneous, inevitably bars retrial. Those issues are not before the court.
Moreover, I question the assumption underlying that dictum. A ruling, whether of a trial court or an appellate court, that the evidence is insufficient to support conviction of a charged criminal offense is not an acquittal. Only the trier of fact may acquit a defendant of a charged criminal offense. The ruling may be equivalent to an acquittal for double jeopardy purposes if made before the matter is submitted to the jury and the jury has been discharged. It is so because retrial is barred by double jeopardy principles. However, if an erroneous trial court ruling that the evidence is insufficient as a matter of law follows a jury verdict convicting the defendant and is reversed on appeal, no retrial is necessary. The verdict is reinstated. No double jeopardy bar arises. In these circumstances the ruling is neither an acquittal nor the equivalent of an acquittal.
And, as here, when the trial court, with the consent of the parties declares a mistrial because the jury is unable to reach a verdict, reversal of a subsequent erroneous dismissal in the belief that the evidence was insufficient as a matter of law, would not be the cause of a retrial. Rather, once an erroneous dismissal pursuant to Penal Code section 1385 is reversed, the *278 mistrial order stands as the cause of retrial. Neither this court nor the United States Supreme Court has considered whether the state and the federal constitutional double jeopardy bars preclude retrial in this circumstance.